IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01300-BNB

WILLIAM GARCIA,

Applicant,

v.

ARISTEDES ZAVARES, Executive Director, DOC,
LARRY REED, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

I. Background

Applicant William Garcia is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Garcia initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Denver County District Court in Case Nos. 97CR4674 and 98CR4243. In an order entered on May 22, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 11, 2008, Respondents filed a Pre-Answer. On September 9, 2008, Mr. Garcia filed a Reply. The Reply is untimely

and for the reasons stated below fails to assert justifiable reasons for finding that the instant action is timely.

In his Application, Mr. Garcia asserts that on February 20, 2001, in Case No. 97CR4674, he was convicted of aggravated robbery by a jury trial and was sentenced to twenty-six years of incarceration. (Application at 1-2.) He further asserts that on October 21, 2002, in Case No. 98CR4243, he was convicted of theft by a jury trial and was sentenced to twenty-four years of incarceration. (Application at 1-2.) He also asserts that he filed direct appeals in both cases, but his attorney in Case No. 97CR4674 abandoned his appeal. (Application at 2-3.) The dates Mr. Garcia gives for the result of his direct appeals, however, are the same dates he gives for the entry of judgment of conviction in each case. (Application at 1 and 3.)

Mr. Garcia asserts that he filed a motion to waive costs in Case No. 97CR4674 on July 26, 2001, that was denied on September 20, 2001, and in which he did not appeal. (Application at 4.) Mr. Garcia further asserts that he filed several joint postconviction motions in both of the state criminal cases at issue, including, (1) a motion to waive costs, on October 15, 2002, that was denied on December 23, 2002, and in which he did not appeal; (2) a motion for reconsideration, on February 18, 2003, that was denied on May 19, 2003, and in which he did not appeal; (3) a motion for postconviction relief, on September 30, 2003, and in which he filed a petition for rehearing with the supreme court that was denied on April 3, 2007; (4) two motions to waive restitution and court costs, one filed on November 13, 2003, and the other on September 30, 2004, both which he claims are pending; and (5) a postconviction motion, filed on October 3, 2005, that was denied on October 26, 2005, and in which he

filed a petition for writ of certiorari that was denied on April 3, 2007. (Application at 4(A).)

II. Analysis

The Court must construe liberally Mr. Garcia's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. Case No. 97CR4674

In Case No. 97CR4674, Respondents assert that Mr. Garcia's conviction was affirmed on direct appeal by the Colorado Court of Appeals on November 24, 2000. (Pre-Answer at 8.) They further assert that his petition for rehearing in his direct appeal was denied on December 21, 2000. (Pre-Answer at 9.) He did not file a petition for certiorari review, but the deadline for filing a petition was January 20, 2001. (Pre-Answer at 9.) Respondents conclude that for purposes of 28 U.S.C. § 2244(d) the one-year time limitation began to run on January 20, 2001. (Pre-Answer at 9.) Respondents further conclude that the instant Application was filed no earlier than June 20, 2007, which is six years and five months after Mr. Garcia's conviction became final. (Pre-Answer at 9.)

Even though Respondents acknowledge that Mr. Garcia had various postconviction filings pending in state court during the time from January 20, 2001, until June 20, 2007, they argue that his postconviction motion that was pending from October 15, 2003, until February 2007 was not properly filed, and, therefore, the time is not tolled for the purposes of § 2244(d). Although the Court finds that Respondents' "properly filed" argument applies to Case No. 97CR4674 and will address the argument below with respect to that case, Case No. 97CR4764 will be dismissed as time-barred for the reasons stated below.

4

The Court finds that the judgment of conviction was entered in Case No. 97CR4674 on March 23, 1999. (Pre-Answer, Ex. B (LexisNexis Docket) at 22.) The conviction was affirmed on appeal on November 24, 2000. *See People v. Garcia*, 17 P.3d 820 (Colo. App. 2000). Mr. Garcia filed a petition for rehearing, which was denied on December 21, 2000. *Id.* at 820. He did not petition for certiorari review with the Colorado Supreme Court. In accordance with Colo. R. App. P. 26(a) and 52(b)(3), Mr. Garcia had until January 22, 2001, to petition for certiorari review. The time during which he is able to file a petition, even though he elects not to do so, is tolled for the purposes of § 2244(d). *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); *See* 28 U.S.C. § 2244(d)(1)(A).

In the absence of any reason to toll the limitations period, Applicant should have initiated this action prior to January 22, 2002, one year after his conviction and sentence became final. 28 U.S.C. § 2244(d). Even if the Court were to consider all postconviction filings as properly filed in Case No. 97CR4674, including Mr. Garcia's motions to waive costs, the instant Application is time-barred. Based on the postconviction filings entered on the LexisNexis Docket, (Pre-Answer, Ex. B at 25-26), Applicant filed his first motion to waive costs on July 31, 2001, which was denied on September 20, 2001. Mr. Garcia filed a second motion to waive costs on October 25, 2002, that was denied on December 23, 2002. (Pre-Answer, Ex. B at 26.) He then filed a motion for reconsideration of sentence on February 21, 2003, that was denied on May 9, 2003, and a motion for postconviction relief on October 15, 2003, that was denied on February 23, 2007. (Pre-Answer, Ex. B at 26-27.) He also filed a third motion to waive court costs on November 21, 2003, which is deemed moot since the trial court denied the October 15, 2003 motion for postconviction relief. (Pre-Answer,

5

Ex. B. at 26-27.) Although Applicant asserts he filed a petition for rehearing of the denial of his petition for certiorari review in his postconviction motion, which he claims was denied on April 3, 2007, C.A.R. 54(b) does not provide for a petition for rehearing unless a petition was first improvidently granted then denied or a decision on the merits is entered by the Colorado Supreme Court. Therefore, Mr. Garcia's October 15, 2003, postconviction motion was final on February 23, 2007.

Mr. Garcia then submitted the instant action to this Court for filing on June 12, 2007. Although he dated the Application as signed on May 27, 2007, Applicant, however, has failed to attest that he gave the Application to prison authorities on the date he signed the Application. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005) (prisoner must attest that a timely filing was made and has the burden of proof on the issue).

The Court finds that from January 23, 2001, the day after his conviction was final, until July 30, 2001, the day prior to when he filed his first motion to waive costs, and from November 6, 2001, the day after the time ran for Applicant to appeal the denial of his motion to waive costs, until October 24, 2002, the day prior to when he filed his second motion to waive costs the time is not tolled. The time also is not tolled from February 7, 2003, the day after the time ran for Applicant to appeal the denial of his second motion to waive costs, until February 20, 2003, the day prior to when he filed a motion for reconsideration, and from June 24, 2003, the day after the time ran for Applicant to appeal the denial of his motion for reconsideration, until October 14, 2003, the day prior to when he filed his motion for postconviction relief. Finally, the time is not tolled from February 24, 2007, the day after his motion for postconviction relief was final until June 11, 2007, the day prior to when he submitted the instant Application to this

Court. Therefore, for 777 days, or for over two years, the time is not tolled for the purpose of § 2244(d). Even if the Court uses the dates Mr. Garcia provided in his Application to determine whether his claims are time-barred, the total time that is not tolled for the purposes of § 2244(d) is still more than two years.

Mr. Garcia does not allege in his Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that there were any impediments to filing an application which were created by state action or that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).

7

Finally, Mr. Garcia bears the burden of demonstrating that equitable tolling is appropriate in this action. See *Miller*, 141 F.3d at 978.

In his Reply, Mr. Garcia asserts that because his attorney abandoned his appeal and failed to petition for certiorari review he should be allowed to file a delayed habeas application. The deadline for filing a petition for certiorari review in Case No. 97CR4674 was January 22, 2001. Mr. Garcia states that he received a copy of the court of appeals' order denying his petition for a rehearing in his direct appeal from his attorney sometime between December 21, 2000, and February 22, 2001, which appears to be the last time Applicant heard from his attorney. Mr. Garcia then waited until February 2003, over two years, to file his first motion for reconsideration. Mr. Garcia does not assert or provide any evidence that he attempted to contact the Colorado Supreme Court during the two years to determine the status of any petition for certiorari review that may have been filed.

Mr. Garcia, however, did know of the urgency to file a petition for certiorari, which is indicated by the letter he has attached to his Reply that he sent to his attorney on February 22, 2001. (Reply at Attachs.) Mr. Garcia also indicates in a letter he wrote to his attorney on February 5, 2001, that he was aware of what needed to be done to preserve his claims for federal review, which included petitioning for certiorari review in the Colorado Supreme Court. (Reply at Attachs.) Based on these findings, Mr. Garcia does not demonstrate due diligence in exhausting his claims in state court. The claims pertaining to Case No. 97CR4674, therefore, are not subject to equitable tolling and are barred by the one-year limitation period.

### 2. Case No. 98CR4243

In Case No. 98CR4243, Respondents assert that Mr. Garcia's conviction was affirmed on April 18, 2002, and that his petition for certiorari was denied by the Colorado Supreme Court on October 15, 2002. (Pre-Answer at 14.) Respondents further assert that Mr. Garcia had ninety days from October 15, 2002, within which to file a petition for certiorari review with the United States Supreme Court. (Pre-Answer at 14.) They conclude that the limitations period under 28 U.S.C. § 2244(d) began to run on January 14, 2003. (Pre-Answer at 14.)

Respondents argue that Mr. Garcia filed the instant Application no earlier than June 20, 2007, which is four years and five months after his conviction became final. (Pre-Answer at 14.) Respondents further contend that between January 2003 and June 2007 he had two motions pending in state court, but only one of them qualified as an application for post-conviction review. (Pre-Answer at 15.) First, Respondents assert that from February 18, 2003, until May 9, 2003, Mr. Garcia may have had a motion for sentence reconsideration pending in state court and the time for purposes of § 2244(d) may have been tolled for three months. Second, Respondents assert that from October 15, 2003, until February 20, 2007, a period of three years and four months, Mr. Garcia had a postconviction motion pending in state court, but the motion was not properly filed. (Pre-Answer at 18.)

Respondents conclude that the § 2244(d) limitations clock began to run on January 14, 2003, and because the time was tolled for only three months between the time the conviction became final and June 20, 2007, when Applicant filed the instant Application in this Court, the Application is time-barred. (Pre-Answer at 18.)

9

The Court finds that Mr. Garcia was sentenced in Case No. 98CR4243 on July 6, 2000. (Pre-Answer, Ex. D at 31.) His conviction was affirmed on appeal on April 18, 2002, *see People v. Garcia*, No. 00CA1578, 2002 WL 1858781 (Colo. App. Apr. 18, 2002) (Not selected for publication), and his petition for certiorari review was denied on October 15, 2002, (Pre-Answer, Ex. D, LexisNexis Docket, at 33.). Mr. Garcia's conviction then became final ninety days later on January 14, 2003. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *see also* Sup. Ct. R. 13.1. Although the LexisNexis Docket for Case No. 98CR4243 does not have an entry on February 21, 2003, for a motion for reconsideration, the Docket does show a motion was filed in Case No. 97CR4674 on that date. Since Respondents are unable to provide evidence otherwise, and the Docket in Case No. 98CR4243 shows that a motion for reconsideration was denied on May 9, 2003, the same day the February 21, 2003, motion in Case No. 97CR4674 was denied, the Court finds Applicant had a motion for reconsideration pending in Case No. 98CR4243 from February 21, 2003, until May 9, 2003. Mr. Garcia also had a postconviction motion pending in state court from October 15, 2003, until February 23, 2007, as found above in the Court's analysis of the timeliness of Case No. 97CR4674. Further, as found above, he submitted the instant Application to this Court on June 12, 2007.

The Court finds that from January 15, 2003, the day after his conviction was final, until February 20, 2003, the day prior to when he filed his motion for reconsideration of his sentence, and from June 24, 2003, the day after the time ran for Applicant to appeal the denial of his motion for reconsideration, until October 14, 2003, the day prior to when he filed a motion for postconviction relief, the time is not tolled. Furthermore, the time from February 24, 2007, the day after his petition for certiorari

10

review was denied in his October 15, 2003, motion for postconviction relief, until June 11, 2007, the day prior to submitting the instant Application to this Court for filing, the time is not tolled. Based on the above findings, only 258 days are not tolled for the purposes of § 2244(d).

Nonetheless, the Court has reviewed the Exhibits provided by Respondents regarding the postconviction motion that Applicant filed with the state district court on October 15, 2003. The postconviction motion was dismissed by the trial court as untimely. (Pre-Answer, Ex. E at 29.) Under Colo. Rev. Stat. § 16-5-402(1), a collateral attack on a trial judgment in all felony convictions, except class one felonies, must be filed with the court within three years from the **date of the conviction**, not from when the date the mandate issued in a direct appeal as Mr. Garcia contends in his Reply. Mr. Garcia's sentence did not include a felony one offense. (Pre-Answer, Ex. C at 5.) He was sentenced on July 6, 2000, and filed the motion for postconviction relief on October 15, 2003. Although the motion for postconviction relief was not filed within the three-year time limitation under § 16-5-402(2), exceptions to the time limitation are allowed. The trial court, however, found that Mr. Garcia failed to present sufficient evidence demonstrating justifiable excuse or excusable neglect related to the late filing. (Pre-Answer, Ex. E at 29.) Furthermore, Mr. Garcia's appeal of the postconviction motion was dismissed by the Colorado Court of Appeals because he failed to file an opening brief within the time required. (Pre-Answer, Ex. E at 16.)

In keeping with *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000), Mr. Garcia's October 15 postconviction motion was not properly filed. "Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can

11

demonstrate cause and prejudice or a fundamental miscarriage of justice." ***Cummings v. Sirmons***, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted). *See **Hickman v. Spears***, 160 F.3d 1269, 1271 (10th Cir. 1998) ("A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims.") (quotations omitted).

The time limitation established by § 16-5-402 is a firmly established and regularly followed procedural rule. *See **Klein v. Neal***, 45 F.3d 1395, 1398 (10th Cir. 1995). Mr. Garcia fails to address in the instant Application and Reply any evidence that may justify a late filing of his postconviction motion, and the Court owes due deference to the trial court's finding of insufficient evidence for excusable neglect in the late filing. The Court also owes due deference to the state court of appeals finding that Mr. Garcia failed to file his opening brief within the time allowed, and again Mr. Garcia fails to provide any evidence justifying his failure to file a timely opening brief on appeal.

The Court finds both defaults are based on adequate and independent state rules, including Colo. R. Crim P. 35(c), Colo. Rev. Stat. § 16-5-402, and C.A.R. 31. Therefore, the October 15, 2003, postconviction motion was not properly filed and the time from October 15, 2003, until February 23, 2007, is not tolled for the purposes of § 2244(d).

Even if the Court were to recognize that in some instances questions of timeliness under state law may require an inquiry into the merits of a petition, *see **Habteselassie***, 209 F.3d at 1211 n. 3, such as § 16-5-402 may require, and that only questions that are determined purely by reference to a filing date, such as C.A.R. 31(a),

should be considered in determining whether a postconviction motion was properly filed, *see Hoggro v. Boone*, 150 F.3d 1223-26 n. 2 (10th Cir. 1998), Mr. Garcia's claims pertaining to Case No. 98CR4243 still are time-barred.

If Mr. Garcia's postconviction motion properly was filed in state trial court, but became final once the time ran for filing the motion in the court of appeals, because he failed to perfect a proper appeal, the motion became final on February 23, 2004, forty-five days after the motion was denied in the trial court on January 9, 2004. The time that is not tolled pursuant to § 2244(d) is almost four years, which is well in excess of the one-year time limitation.

The Court, therefore, finds that Applicant's claims challenging both Case No. 97CR4674 and Case No. 98CR4243 are time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Because the Application clearly is time-barred, the Court will refrain from addressing whether Mr. Garcia has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __17__ day of __Sept__, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-01300-BNB

William Garcia
Prisoner No. 63442
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk